**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **ALBERT J. ASTARITA, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **COLLECTIVE AND CLASS ACTION** |
| **PINNACLE ENTERTAINMENT, INC., and AMERISTAR CASINO KANSAS CITY, INC.,** | <u>**JURY TRIAL REQUESTED**</u> |
| **Defendants.** | |

<u>**COMPLAINT**</u>

Plaintiff Albert J. Astarita ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his counsel, for his Complaint against Pinnacle Entertainment, Inc. ("Pinnacle") and Ameristar Casino Kansas City, Inc. ("Ameristar") (collectively "Defendants"), hereby states and alleges as follows:

<u>**INTRODUCTION**</u>

1.      Plaintiff and other similarly situated employees work or worked for Pinnacle, a casino entertainment company. Plaintiff worked at Ameristar, a casino owned and operated by Pinnacle. Pursuant to its company-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated federal and/or state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek. In particular, Defendants' rounding policy and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time worked. In addition, Defendants' do not pay their employees for participating in compensable training sessions required by Defendants. Defendants also miscalculated their employees' regular rate of

1

pay for overtime purposes, resulting in unpaid overtime compensation. Defendants also failed to properly inform their tipped employees of the required tip credit provisions. Defendants' systemic violations of federal and state wage laws were willful.

2.      Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq.*

## JURISDICTION AND VENUE

3.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.      Plaintiff Albert J. Astarita is a resident of the State of Missouri. From October 2000 to the present, Plaintiff has been employed by Defendants as a dealer at Defendants'

Ameristar casino located at 3200 N. Ameristar Drive, Kansas City, Missouri 64161. Plaintiff Albert J. Astarita's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

7.     Defendant Pinnacle Entertainment, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Nevada.

8.     Defendant Ameristar Casino Kansas City, Inc. is a corporation organized under the laws of the State of Missouri, with its principal place of business located in the State of Missouri. Ameristar is owned and operated by Pinnacle.

9.     At all relevant times, Defendants were the employer and/or joint employer of Plaintiff, and all other similarly situated employees, and are thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

10.     At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## GENERAL ALLEGATIONS

11.     Plaintiff re-alleges the allegations set forth above.

12.     According to its website, Defendant Pinnacle is a casino entertainment company with nearly 15,000 team members.

13.     According to its website, Defendant Pinnacle owns and operates fifteen (15) casinos or "gaming entertainment properties" located in Colorado, Indiana, Iowa, Louisiana, Mississippi, Missouri, Nevada, and Ohio, including the following:

    a.     Ameristar Casino Hotel Council Bluffs
           2200 River Road
           Council Bluffs, Iowa, 51501

3

b.      Ameristar Casino Hotel East Chicago
        777 Ameristar Boulevard
        East Chicago, IN 46312

c.      Ameristar Casino Hotel Kansas City
        3200 North Ameristar Drive
        Kansas City, Missouri 64161

d.      Ameristar Casino Hotel Vicksburg
        4116 Washington Street
        Vicksburg, MS 39180

e.      Ameristar Casino Resort Spa Black Hawk
        111 Richman Street, PO Box 45
        Black Hawk, CO 80422

f.      Ameristar Casino Resort Spa St. Charles
        One Ameristar Boulevard
        St. Charles, MO 63301

g.      Belterra Casino Resort & Spa
        777 Belterra Drive
        Florence, IN 47020

h.      Boomtown Bossier
        300 Riverside Drive
        Bossier City, LA 71111

i.      Boomtown New Orleans
        4132 Peters Road
        Harvey, LA 70058

j.      Cactus Petes Resort Casino
        1385 Highway 93, PO Box 508
        Jackpot, NV 89825

k.      Horseshu Hotel & Casino
        1220 Highway 93, PO Box 508
        Jackpot, NV 89825

l.      L'Auberge Casino & Hotel Baton Rouge
        777 L'Auberge Avenue
        Baton Rouge, LA 70820

m.      L'Auberge Casino Resort Lake Charles
        777 Avenue L'Auberge

4

Lake Charles, LA 70601

n.      Retama Park Racetrack
        1 Retama Parkway
        Selma, TX 78154

o.      River City Casino
        777 River City Casino Boulevard
        St. Louis, Missouri 63125

14.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work for Defendants at their gaming entertainment properties nationwide.

### Unlawful Rounding Violations

15.     Plaintiff re-alleges the allegations set forth above.

16.     Defendants utilize a computerized system which tracks the exact time (accurate to 1 minute or less) an hourly employee clocks in and clocks out of work.

17.     Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds to the closest 15-minute interval.

18.     Defendants round up to the next 15-minute interval if an employee clocks in no more than 7 minutes before the next 15-minute interval.

19.     Defendants round down to the previous 15-minute interval if an employee clocks in no more than 7 minutes after the previous 15-minute interval.

20.     Accordingly, by way of example, an employee who clocks in between 2:38 and 2:52 will be treated by Defendants' payroll computations as having clocked in at 2:45.

21.     Defendants utilize the same rounding system for clock outs.

22.     Accordingly, by way of example, an employee who clocks out between 11:08 and 11:22 will be treated by Defendants' payroll computations as having clocked out at 11:15.

5

23. Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out.

24. However, Defendants utilize a disciplinary system to alter the seemingly neutral rounding system in a manner which transforms Defendants' rounding system into a system that is substantially rigged in Defendants' favor.

25. Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are required to clock in and commence work approximately 7 minutes before the start of their shift.

26. Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

27. Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are required to clock out no more than 7 minutes after the end of their shift.

28. As a result of Defendants' policies, Plaintiff and all similarly situated employees typically clock in and begin working 7 minutes prior to the start of their shift.

29. As a result of Defendants' policies, Plaintiff and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

30. Per Defendants' rounding system, none of the pre-shift work (up to 7 minutes per day) is paid as Defendants' round this time to the next 15-minute interval, the employees' official start time.

31. Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their disciplinary system to ensure that,

6

most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendants pay their employees.

32.     Moreover, Plaintiff and all similarly situated employees, at the end of the day, are required to clock out no more than 7 minutes after the end of their shift.

33.     Plaintiff and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter.

34.     Accordingly, at the end of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendants pay their employees.

35.     In sum, Defendants' rounding policy and practice is used in such a manner that it results, over a period of time, in failure to compensate their employees properly for all the time they have actually worked.

36.     Defendants have no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendants have complete knowledge of all hours worked by Plaintiff and all similarly situated employees.

37.     Defendants' failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA and/or the MMWL.

**Unpaid Job Training**

38.     Defendants' require dealers to either complete an unpaid dealer training course or have previous dealing experience before they are hired.

7

39.     Once hired, Defendants' require Plaintiff and all similarly situated dealers to expand their dealing skills and learn how to deal additional table games.  Defendants also have other hourly employees who are required to participate in unpaid training programs throughout their employment.

40.     For this purpose, Defendants provide training to its employees on their premises. Defendants provide training on various policies and also on table games offered at the casino, including "carnival games" and other specialty games such as roulette and craps.

41.      However, Plaintiff and all other similarly situated employees are not paid for time spent in Defendants' training classes.

42.     Defendants' training sessions are typically scheduled during regular working hours, forcing employees to reschedule their shifts in order to attend.

43.     Plaintiff and all similarly situated employees' attendance at Defendants' training programs is compensable working time under the FLSA.

44.     Defendants' job postings state that dealers will be required to learn additional games during their employment.

45.     Defendants demand that dealers learn how to deal new games so that they are able to work more stations on the casino floor.

46.     Defendants' employees are led to believe that not participating in the training will have adverse effects on performance reviews, assignment to less desirable shifts or tasks, termination or demotion.

47.     Defendants' training sessions are designed to make their employees more effective at their current jobs and are directly related to employees' jobs for Defendants.

8

48.     Defendants' consider such guidance and/or training an "on-going process under the direction of all casino supervisors."

49.     Defendants do not compensate Plaintiff and all similarly situated employees for their attendance at such training sessions.

50.     Upon information and belief, Defendants adhere to the same training policies and practices with respect to Plaintiff and all other similarly situated dealers at all of its casino locations nationwide.

51.     Defendants' refusal and failure to pay Plaintiff and all similarly situated employees for attending such training sessions is a violation of both state and federal wage and hour laws.

### Miscalculated Regular Rate for Tipped Employees

52.     Both the FLSA and MMWL require that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a week.

53.     Both the FLSA and MMWL permit an employer to take a "tip credit" toward its minimum wage obligations for tipped employees equal to the difference between the required cash wage and the applicable federal or state minimum wage.

54.     However, where the employer takes the trip credit, overtime is calculated on the full minimum wage, not the lower direct (or cash) wage payment.  The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

55.     In addition, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is

9

employed' … must be construed to mean the regular rate at which he is lawfully employed." 29 C.F.R. § 778.5.

56.     Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

57.     In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage. In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct (or cash) wage being earned. As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay.

58.     In doing so, Defendants' failed to pay Plaintiff and all other similarly situated employees the proper overtime pay as required under both state and federal law.

**<u>Entitlement to the Tip Credit</u>**

59.     As discussed above, an employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

60.     The federal regulations expand on the language of the FLSA by explaining as follows:

10

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

61.     Defendants employ Plaintiff and other similarly situated tipped employees, but failed to properly notify them of the tip credit requirements of the FLSA.

62.     Specifically, Plaintiff and other similarly situated tipped employees are simply informed of the sub-minimum hourly rate that they will be paid and informed that they will also be tipped by Defendants' customers.

63.     Plaintiff and the other similarly situated tipped employees are not informed as to the amount of the tip credit that Defendants intend to take, in fact, no mention of a tip credit is made to such employees.  Further, Plaintiff and other similarly situated tipped employees are not informed of their right to retain all such tips except for those put into a valid tip pooling arrangement, nor are they informed that Defendants are required to inform them regarding the tip credit requirements.

64.     As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

65.     Plaintiff re-alleges the allegations set forth above.

66.     Plaintiff brings Count I, the FLSA claim arising out of Defendants' unlawful rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following classes:

>       a.      FLSA Rounding Policy Overtime Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last three (3) years within the United States.

>       b.      FLSA Rounding Policy Minimum Wage Class: All persons currently and formerly employed by Defendants in hourly positions paid at or below the applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

67.     Plaintiff brings Count II, the FLSA claim arising out of Defendants' unpaid training policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following classes:

>       a.      FLSA Unpaid Training Overtime Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last three (3) years within the United States.

>       b.      FLSA Unpaid Training Minimum Wage Class: All persons currently and formerly employed by Defendants in hourly positions paid at or below the

12

applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

68.     Plaintiff brings Count III, the FLSA claim arising out of Defendants' regular rate calculation policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class:

a.      FLSA Miscalculated Regular Rate Class: All persons currently and formerly employed by Defendants in hourly positions paid below the applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

69.     Plaintiff brings Count IV, the FLSA claim arising out of Defendants' tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class:

a.      FLSA Unlawful Tip Credit Class: All persons currently and formerly employed by Defendants in hourly positions paid below the applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

70.     Plaintiff's FLSA claims (Counts I-IV) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

71.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

13

72.     Plaintiff brings Count V, the MMWL claim arising out of Defendants' unlawful rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following classes:

        a.     MMWL Rounding Policy Overtime Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last two (2) years within the State of Missouri.

        b.     MMWL Rounding Policy Minimum Wage Class: All persons currently and formerly employed by Defendants in hourly positions paid at or below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

73.     Plaintiff brings Count VI, the MMWL claim arising out of Defendants' unpaid training policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following classes:

        a.     MMWL Unpaid Training Overtime Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last two (2) years within the State of Missouri.

        b.     MMWL Unpaid Training Minimum Wage Class: All persons currently and formerly employed by Defendants in hourly positions paid at or below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

74.     Plaintiff brings Count VII, the MMWL claim arising out of Defendants' regular rate calculation policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

a.    MMWL Miscalculated Regular Rate Class: All persons currently and formerly employed by Defendants in hourly positions paid below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

75.    Plaintiff brings Count VIII, the MMWL claim arising out of Defendants' tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

a.    MMWL Unlawful Tip Credit Class: All persons currently and formerly employed by Defendants in hourly positions paid below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

76.    Plaintiff brings Count IX, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

a.    Unjust Enrichment / Quantum Meruit Class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last five (5) years within the United States.

77.    Plaintiff's MMWL claims (Count V-VIII) and unjust enrichment/quantum meruit claims (Count IX), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

78.    These classes each number in the hundreds or thousands of persons.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

79.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a.     Whether Defendants violated the law when it failed to pay Plaintiff and class members for all hours worked;

b.     Whether Defendants had policies and practices of failing to compensate Plaintiff and class members for all time worked;

c.     Whether Defendants failed to pay Plaintiff and class members overtime compensation required under R.S.Mo. § 290.500 *et seq.*;

d.     Whether Defendants were unjustly enriched by virtue of their policies and practices with respect to Plaintiff and class members' pay;

e.     Whether Defendants failed to properly inform its hourly employees being paid sub-minimum wage rates of the requirements for the tip credit;

f.     Whether Defendants willfully violates state and federal wage and hour laws; and

g.     Whether Defendants maintained a lawful timekeeping system.

80.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

81.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

16

82.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendants have acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

83.     Plaintiff is an adequate representative because he is a member of each of the classes and his interests do not conflict with the interests of the members of those classes he seeks to represent.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

84.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-IV)

85.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

86.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

87.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

88.     During all relevant times to this action, Defendants were the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

89.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

90.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiffs and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

91.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

92.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

93.     Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies.  Upon information and belief, Defendants are applying the same unlawful compensation policies to all similarly situated employees in their casinos nationwide.

94.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

95.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

96.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**ALLEGATIONS APPLICABLE TO ALL MMWL CLAIMS (COUNTS V-VIII)**

97.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

19

98.     The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law.  R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

99.     The MMWL should be construed in accordance with its provisions and those of the FLSA.  Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations.  *See* 8 C.S.R. § 30-4.010(1).

100.    During all times relevant to this action, Defendants were the "employers" of Plaintiff and the class members within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3), (4).

101.    During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3).

102.    Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL.  Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek.  R.S.Mo. § 290.502.1.

103.    Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.  R.S.Mo. § 290.505.1.

104.    Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here.  R.S.Mo. § 290.500(3).

20

105.     Plaintiff and the class members are victims of uniform and employer-based compensation policies.  Upon information and belief, Defendants are applying the same unlawful compensation policies to Plaintiff and the class members in their casinos in the State of Missouri.

106.     Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendants.  R.S.Mo. § 290.527.

107.     Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

108.     Defendants are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action.  R.S.Mo. § 290.527.

### COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

**Arising Out of Defendants' Unlawful Rounding Policy**

**(Brought Against Defendants by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

109.     Plaintiff re-alleges the allegations set forth above.

110.     Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

111.     Specifically, as discussed above, Defendants utilize an unlawful rounding policy that, when combined with its disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

112.     Defendants' practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked.

113.     WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

      a.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

      b.     Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

      c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

      e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

      f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT II - FLSA (Unpaid Overtime & Minimum Wages)

**Arising Out of Defendants' Unpaid Training Policy**

**(Brought Against Defendants by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

114.     Plaintiff re-alleges the allegations set forth above.

115.     Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

116.     Specifically, as discussed above, Defendants forced its hourly employees to attend unpaid training classes as part of its policy of mandatory and ongoing training.

22

117. Defendants' practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock by attending such unpaid training classes.

118. WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

    c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

    f.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT III - FLSA (Unpaid Overtime)

**Arising Out of Defendants Regular Rate Calculation Policy**

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

119. Plaintiff re-alleges the allegations set forth above.

23

120.    Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

121.    Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

122.    Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate."  29 C.F.R. § 531.60.

123.    In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage.  In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct (or cash) wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

124.    WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

      a.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

      b.     Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c.      Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT IV - FLSA (Unpaid Overtime)

### Arising Out of Defendants Tip Credit Notification Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

125.    Plaintiff re-alleges the allegations set forth above.

126.    Defendants violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

127.    Specifically, Defendants paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

128.    In particular, Defendants failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  Defendants' policy was to merely inform its tipped employees of the hourly rate that they would be paid and that they would also earn tips from Defendants' patrons.  At no time did Defendants inform Plaintiff and the putative class members of the amount of the tip credit that Defendants would claim, nor did they inform Plaintiff and the other similarly situated tipped employees as to the

amount of the tip credit that Defendants intend to take, in fact, no mention of a tip credit is made to such employees.

129.    Further, Plaintiff and other similarly situated tipped employees are not informed of their right to retain all such tips except for those put into a valid tip pooling arrangement, nor are they informed that Defendants are required to inform them regarding the tip credit requirements.

130.    As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

131.    Defendants' practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

132.    WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## **COUNT V – MMWL (Unpaid Overtime & Minimum Wages)**

### **Arising Out of Defendants' Unlawful Rounding Policy**

### **(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

133.    Plaintiff re-alleges the allegations as set forth above.

134.    Defendants violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

135.    Specifically, as discussed above, Defendants utilize an unlawful rounding policy that, when combined with its disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

136.    Defendants' practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked.

137.    WHEREFORE, on Count V of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

a.      Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

b.      Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c.    Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## <u>COUNT VI – MMWL (Unpaid Overtime & Minimum Wages)</u>

### Arising Out of Defendants' Unpaid Training Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

138.    Plaintiff re-alleges the allegations as set forth above.

139.    Defendants violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

140.    Specifically, as discussed above, Defendants forced its hourly employees to attend unpaid training classes as part of its policy of mandatory and ongoing training.

141.    Defendants' practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock by attending such unpaid training classes.

142.    WHEREFORE, on Count VI of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

a.     Certify the state law claim set forth in Count VI above as a class action pursuant to Fed. R. Civ. P. 23;

b.     Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c.     Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.     Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.     Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.     Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT VII – MMWL (Unpaid Overtime)

**Arising Out of Defendants' Regular Rate Calculation Policy**

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

143.   Plaintiff re-alleges the allegations as set forth above.

144.   Defendants violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

145.   Specifically, the MMWL requires that employees are paid one and one-half times their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek

29

by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

146.    In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage.  In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct (or cash) wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the MMWL.

147.    WHEREFORE, on Count VII of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

    a.    Certify the state law claim set forth in Count VII above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiff and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

    c.    Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

    d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

    f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT VIII – MMWL (Unpaid Overtime)

**Arising Out of Defendants' Tip Credit Notification Policy**

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

148.     Plaintiff re-alleges the allegations as set forth above.

149.     Defendants violated the MMWL by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

150.     Specifically, Defendants paid Plaintiff and all others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

151.     In particular, Defendants failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations, which are controlling within the context of the MMWL.  Defendants' policy was to merely inform its tipped employees of the hourly rate that they would be paid and that they would also earn tips from Defendants' patrons.  At no time did Defendants inform Plaintiff and the putative class members of the amount of the tip credit that Defendants would claim, nor did they inform Plaintiff and the other similarly situated tipped employees as to the amount of the tip credit that Defendants intend to take, in fact, no mention of a tip credit is made to such employees.

152.     Further, Plaintiff and other similarly situated tipped employees are not informed of their right to retain all such tips except for those put into a valid tip pooling arrangement, nor are they informed that Defendants are required to inform them regarding the tip credit requirements.

153.     As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state law by failing and refusing to pay all minimum wages due and owing.

154.    Defendants' practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the MMWL.

155.    WHEREFORE, on Count VIII of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

      a.    Certify the state law claim set forth in Count VIII above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Award Plaintiff and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

      c.    Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

      d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

      e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

      f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT IX

### Unjust Enrichment / Quantum Meruit

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

156.    Plaintiff re-alleges the allegations set forth above.

157.    Defendants benefited from the unpaid work performed by Plaintiff and the Class prior to the start of their shifts, during mandatory training time, and after their shifts.

32

Additionally, Defendants benefited by failing to pay its employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

158.    Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

159.    Defendants' acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

160.    WHEREFORE, on Count IX of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

      a.    Certify the state law claim set forth in Count IX above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Order Defendants to disgorge the value of its ill-gained benefits to Plaintiff and the Class;

      c.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

      d.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  February 6, 2015                    Respectfully submitted,

                                            McCLELLAND LAW FIRM
                                            *A Professional Corporation*

                                            **By:    /s/ Ryan L. McClelland**
                                                    Kelly L. McClelland,  MO Bar #27156
                                                    Kenneth E. Cox,        MO Bar #51861
                                                    Jerome M. Patience,   MO Bar #51965
                                                    Ryan L. McClelland,  MO Bar #59343
                                                    The Flagship Building
                                                    200 Westwoods Drive
                                                    Liberty, Missouri   64068-1170
                                                    Telephone:      (816) 781-0002
                                                    Facsimile:      (816) 781-1984
                                                    kmcclelland@mcclellandlawfirm.com
                                                    kcox@mcclellandlawfirm.com
                                                    jpatience@mccclellandlawfirm.com
                                                    ryan@mcclellandlawfirm.com

                                                    **ATTORNEYS FOR PLAINTIFF**

                                            and

                                            OSMAN & SMAY LLP

                                            **By:    /s/ Matthew E. Osman**
                                                    Matthew E. Osman,    MO Bar # 60137
                                                    8500 W. 110th Street, Suite 330
                                                    Overland Park, Kansas 66204
                                                    Telephone:      (913) 667-9243
                                                    Facsimile:      (866) 470-9243
                                                    mosman@workerwagerights.com

                                                    **ATTORNEYS FOR PLAINTIFF**